UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES CORTEZ MCCOY,

                      Plaintiff,

v.                                      Case No. 17-cv-1416-pp

CALIFORNIA LOTTERY,

                      Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff James Cortez McCoy, who is confined at the Milwaukee County Jail, is representing himself. He filed a complaint against the California Lottery for $200 billion dollars in damages. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, screens the plaintiff's complaint and dismisses the complaint for failure to state a claim.

**A.**     **Application for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff is incarcerated. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court

may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 17, 2017, Magistrate Judge David E. Jones issued an order directing the plaintiff to pay an initial partial filing fee of $21.67 by November 7, 2017. Dkt. No. 5. On October 25, 2017, the plaintiff paid an initial partial filing fee of $22.00.

The case was reassigned to this court on October 24, 2017. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee, and will allow him to pay the filing fee over time from his prisoner account, as described at the end of this order.

**B.    Screening of Plaintiff's Complaint**

    1.    Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). A court may dismiss a case, or part of it, if the claims alleged are "frivolous, malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of a complaint must allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis in Twombly to determine whether a complaint states a claim. Id. at 679. First, a court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, a court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id.

2.  Facts Alleged in the Complaint

The plaintiff alleges that on July 13, 2015, he bought a winning Powerball lottery ticket in Milwaukee, Wisconsin. Dkt. No. 1 at 2, 3. He submitted his claim on April 22, 2017. Id. at 2. On July 20, 2017, the plaintiff received a letter stating that "they can't pay out on this ticket because I waited past a year to make my claim." Id. at 2-3.

The plaintiff claims that under Wisconsin law (Wis. Stat. §945.10), "they"—the California Lottery—was required to forfeit the winnings to the state,

3

and that he then could recover the winnings from the state. Id. at 3. He argues that under Wis. Stat. §565.30, a person who has a winning lottery ticket may claim their prize within 180 days after the drawing, or within 180 days after the "game's end date, as determined by the administrator, whichever is later." Id. The plaintiff asks why he cannot get his money, given that he bought his ticket on July 13, 201[5]. Id. For relief, the plaintiff seeks "award of the money [he] rightfully should have," which he believes is $200 billion dollars. Id. at 4.

    3.    Discussion

The plaintiff acknowledges that, contrary to the rules of Powerball, he waited over a year to claim his alleged winning ticket. See www.wilottery.com/faqs.aspx (winners have 180 days from draw date to claim lotto prizes) (last visited May 8, 2018).[1] This fact alone shows that he cannot state a claim that the California Lottery owes him the money for the winning ticket. See Wis. Stat. 945.10 ("Anything of value received by any person as a prize in any lottery conducted in violation of this chapter shall be forfeited to the state and may be recovered in any proper action brought by the attorney general or any district attorney in the name and on behalf of the state."); Wis. Stat. 565.30(3)(a) ("(3) Unclaimed prizes. (a) Period to claim. 1. Except as provided in subd. 2., the holder of a winning lottery ticket or lottery share may claim a prize within 180 days after the drawing or other selection in which the prize is won.").

---

[1] The value of unclaimed prizes is credited to the Wisconsin Lottery property tax relief fund. See id.

4

Even if the plaintiff had not waited too long to claim his prize, the court would not allow him to proceed with this case, because he sued the wrong defendant. The plaintiff asserts that "Powerball is a multi jurisdictional game controlled by CA Lottery." Dkt. No. 1 at 3. He is incorrect. The California Lottery does not control Powerball; the Multi-State Lottery Association administers Powerball. <u>See</u> https://www.musl.com/games.html (last visited May 8, 2018); https://www.powerball.com/legal/terms-conditions (last visited May 8, 2018). The laws of the state of Iowa govern the resolution of disputes over the use of Powerball. https://www.powerball.com/legal/terms-conditions (last visited May 8, 2018).

The plaintiff has not stated a claim for which this court can grant relief. He has sued under the law of Wisconsin, when the law of Iowa applies. He has sued the California Lottery, when the Multi-State Lottery Association is the correct defendant. And he has admitted that under the Powerball rules, he submitted his claim too late to recover. Not only has the plaintiff failed to state a claim for which this court may grant relief, but the court concludes that his complaint is "frivolous" under 28 U.S.C. §1915(d), because he "is unable to make any rational argument in law or fact to support his claim for relief." The court will dismiss the case.

**C.     Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2

The court **DISMISSES** this case for failure to state a claim.

5

The court **ORDERS** the Clerk of Court to document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The court **ORDERS** that the agency having custody of plaintiff shall collect from his institution trust account the $328.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The agency shall clearly identify the payments by the case name and number. If plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Jail, where the plaintiff is confined. The court also will send a copy of this order to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**